Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CARIBBEAN HOSPITAL CORPORATION, INC.<br><br>Apelante<br><br>v.<br><br>CARIBBEAN ANESTHESIA MANATÍ, INC. T/C/P CARIBBEAN ANESTHESIA SERVICES, INC. T/C/P DORADO HEALTH INC.; DR. ALVIN RAMÍREZ; GINORIS DE JESÚS GOLDEROS; VANESSA DE JESÚS GOLDEROS, MARÍA DE JESÚS PAGÁN; JOSÉ RAMOS CUBANO Y SU ESPOSA FULANA DE TAL Y SU SOCIEDAD DE GANANCIALES; MANUEL CRUZ SOTO SU ESPOSA MENGANA DE TAL Y SU SOCIEDAD DE GANANCIALES; JOSÉ L. QUIRÓS; Y LAS COMPAÑÍAS ASEGURADORAS A, B, C<br><br>Apelados | TA2025AP00467 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>K CD1999-0226<br><br>Sobre:<br>Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante nos Caribbean Hospital Corporation, Inc. ("Caribbean Hospital" o "Apelante") mediante *Apelación* presentada el 23 de octubre de 2025. Nos solicita la revocación de la *Sentencia Parcial* dictada el 22 de septiembre de 2025, notificada el día 24 del mismo año por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario desestimó la demanda instada en el presente caso contra las partes codemandadas, Ginoris De Jesús Golderos; Vanessa De Jesús Golderos; Lina De Jesús Golderos,

Maria De Jesús Pagán (en conjunto "Sucesión De Jesús"), herederas del fallecido José De Jesús Toro ("Dr. De Jesús Toro" o "causante") al concluir que éstas no fueron sustituidas correctamente conforme lo exige nuestro ordenamiento jurídico.

Por los fundamentos que expondremos a continuación, **confirmamos** la sentencia apelada.

## I.

Conforme surge del expediente, la génesis del presente caso ocurrió el 25 de enero de 1999, cuando la Apelante instó *Demanda* sobre cobro de dinero contra Caribbean Anesthesia Services, Inc. ("Caribbean Anesthesia").[1] En síntesis, la Apelante alegó que suscribió un contrato con Caribbean Anesthesia, en el cual, esencialmente, se comprometió a adquirir los activos relacionados con la operación del Hospital de Área de Manatí. Adujo que, conforme al aludido contrato, el precio de la compraventa de los activos antes mencionados estaban valorados en tres millones dólares ($3,000,000.00), los cuales se sufragarían mediante el pago de doscientos mil dólares ($200,000.00) en la fecha del otorgamiento del contrato y el pago de quinientos mil dólares ($500,000.00) en la fecha del cierre. Asimismo, esbozó que el balance restante sería pagado a plazo. A su vez, la Apelante esgrimió que, el 30 de octubre de 1998, Caribbean Anesthesia expidió varios pagarés. No obstante, abundó que no se cumplió con el pago de algunos de los referidos pagarés por lo que, solicitó el pago de los mismos. Posteriormente, el 2 de julio de 2003, Caribbean Hospital instó *Primera Demanda Enmendada.*[2] En lo pertinente, al amparo de este escrito, el Apelante incluyó al pleito a varios codemandados, entre estos, al Dr. De Jesús Toro. Igualmente, surge de los autos, que el Apelante presentó

---

[1] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 1.
[2] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 3.

*Segunda Demanda Enmendada* el 31 de agosto de 2005 y *Tercera Demanda Enmendada* el 23 de febrero de 2009.[3]

Así las cosas, en lo atinente a la controversia que se encuentra ante nuestra consideración, el 12 de mayo de 2021, la Lcda. Ginoris De Jesús Golderos ("Lcda. De Jesús"), representación legal e hija del Dr. De Jesús Toro, presentó *Moción Informativa y Solicitud de Prórroga.*[4] En lo pertinente, notificó que el Dr. De Jesús Toro falleció el 12 de abril de 2021. En ese sentido, solicitó un "término de setenta días (70) de prórroga para solicitar cualquier remedio que en derecho proceda".[5]

Subsiguientemente, el 6 de julio de 2021, la Apelante instó *Moción para que se Ordene Sustitución de Demandado Fallecido por su Sucesión y para que se Continúen los Procedimientos de este caso.*[6] Mediante este escrito, solicitó que la Lcda. De Jesús informara los nombres de los miembros de la sucesión del Dr. De Jesús Toro para así realizar la correspondiente sustitución.

En armonía con lo anterior, el 4 de abril de 2022, la Lcda. De Jesús presentó *Moción en Cumplimiento de Orden.*[7] En esta, informó que el 22 de febrero de 2022, el foro primario notificó *Orden* en la que concedió un término de diez (10) días para informar los nombres y direcciones de los miembros de la sucesión del causante. Así pues, en cumplimiento con dicha directriz, la Lcda. De Jesús proveyó una lista con los datos solicitados por el tribunal *a quo*. En concreto, esbozó que las siguientes personas son las herederas del Dr. De Jesús Toro:

    a) Ginoris C. De Jesús Golderos residente en el municipio de Guaynabo;

    b) Vanessa del C. De Jesús Golderos, también conocida como Vanessa Del C. Leuenberguer De Jesús, quien reside en Suiza;

---

[3] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 12-13.
[4] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 22.
[5] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 22, pág. 237.
[6] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 23.
[7] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 24

c) Lina M. De Jesús Golderos, quien reside en el estado de Florida y

d) María de J. De Jesús Pagan residente del municipio en el Manatí.

A su vez, la Lcda. De Jesús aclaró que las personas antes mencionadas no se sometían a la jurisdicción del tribunal *a quo* pues, le correspondía a la Apelante cumplir con las Reglas de Procedimiento Civil.

Examinado este escrito, el 11 de abril de 2022, el foro primario emitió *Orden* mediante la cual dispuso lo siguiente:

> Se autoriza la sustitución del co-demandado Dr. José De Jesús Torres por su sucesión. Una vez resueltos los recursos apelativos, y emplazados los miembros de la referida sucesión, procederemos a celebrar la correspondiente vista.[8]

Así las cosas, se desprende del expediente que, el 28 de junio de 2022, el foro primario expidió un emplazamiento por edicto a Vanessa del C. De Jesús Golderos también conocida como Vanessa Del C. Leuenberguer De Jesús y otro emplazamiento por edicto a Lina M. De Jesús Golderos.[9] A su vez, el 30 de junio de 2022, el foro *a quo* expidió los emplazamientos dirigidos a María de J. De Jesús Pagán y a la Lcda. De Jesús.[10]

Así las cosas, el 5 de agosto de 2022, la señora Lina De Jesús Golderos, sin someterse a la jurisdicción del foro primario, radicó

---

[8] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 50

Ahora bien, en la *Sentencia Parcial* apelada, el foro primario aclaró lo siguiente respecto a esta *Orden*:

> Según indicamos previamente, esta orden autorizó la sustitución del Dr. José De Jesús Torres, en lugar de Toro, que es el apellido correcto del demandado fallecido. Ginoris De Jesús Golderos planteó, como parte de sus señalamientos en cuanto al proceso de sustitución de parte, que el Tribunal no había autorizado la sustitución de su padre, y que la parte demandante no había alertado al Tribunal del error ni había solicitado enmendar la orden. Asimismo, apuntó que era un error sustantivo que afectaba los derechos de las partes.
>
> Tras examinar el expediente, entendemos que fue un error de transcripción de la orden, toda vez que la orden a manuscrito del juez que emitió dicha orden -la cual consta al dorso de la última página de la moción presentada por la parte demandante el 31 de marzo de 2022, dice Toro. Estimamos que no puede penalizarse a las partes por un error tipográfico del personal del Tribunal al transcribir la orden.

Véase, SUMAC TA, Entrada Núm. 1, Sentencia Parcial, pág. 18.
[9] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 51a y Apéndice 51b.
[10] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 51c y 51d.

documento intitulado *Moción Impugnando Emplazamiento.*[11] En lo pertinente, esta parte informó al foro primario que el 20 de julio de 2022, recibió por correo varios documentos, entre estos, una copia de un documento intitulado "Moción Enmienda a las Alegaciones" y otro intitulado "Tercera Demanda Enmendada". Esgrimió que, además, recibió los siguientes documentos: *Orden* de 21 de junio de 2022 para que se expidan los emplazamientos por edicto, los emplazamientos por edicto expedidos por la Secretaría del foro primario y una carta en la que se informa la presunta publicación del emplazamiento por edicto. No obstante, esta parte sostuvo que la Apelante no "incluyó copia del edicto publicado, no indicó la fecha ni el periódico de circulación general en que se publicó, ni evidenció de forma alguna su publicación".[12]

Ante esto, la señora Lina De Jesús Golderos alegó que el emplazamiento en cuestión es ineficaz, toda vez, que la Apelante no notificó su alegación enmendada conforme lo exige nuestro ordenamiento jurídico. Como corolario de lo anterior, arguyó que el emplazamiento por edicto en el presente caso incumplió con la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, pues no notificó el edicto publicado a esta parte.

De otra parte, surge de los autos del presente caso que, el 18 de agosto de 2022, se diligenció el emplazamiento a la señora María José De Jesús Golderos.[13]

Por su parte, el 21 de septiembre de 2022, la Apelante presentó *Réplica a Moción Impugnando Emplazamiento* y *Nueva Solicitud de Orden para Emplazar por Edictos.*[14] En esta, requirió una nueva orden para expedir el emplazamiento por edicto para Lina De Jesús y Vanessa De Jesús. En igual fecha, la Apelante instó

---

[11] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 25.
[12] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 25.
[13] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 52.
[14] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 26.

escrito intitulado *Moción Informativa, Solicitando Emplazamiento por Edicto y de Anotación de Rebeldía.*[15] En lo pertinente, solicitó que la Lcda. De Jesús fuera emplazada por edicto. Así pues, el 12 de octubre de 2022, el foro primario expidió los emplazamientos a la Lcda. De Jesús, Vanessa del C. De Jesús Golderos y Lina M. De Jesús Golderos.[16]

Posteriormente, el 7 de noviembre de 2022, María José De Jesús Pagán, sin someterse a la jurisdicción del foro primario y por derecho propio, presentó *Moción de Desestimación.*[17] Mediante este escrito, esbozó que el 11 de agosto de 2022, recibió un emplazamiento, la Moción de Enmienda a Alegaciones y la Tercera Demanda Enmendada. Alegó que la Tercera Demanda Enmendada no hace referencia a su persona, aunque sí a su padre, el Dr. De Jesús Toro. A esos efectos, señaló que al no notificársele una demanda con alegaciones en su contra el emplazamiento diligenciado fue nulo.

En desacuerdo, el 21 de noviembre de 2022, la Apelante presentó *Oposición a Solicitud de Desestimación.*[18] Mediante esta, aludió a que la señora María José De Jesús Pagán fue debidamente emplazada y se le hizo entrega de la última demanda enmendada. Agregó que dicha demanda contiene alegaciones contra su padre, el Dr. De Jesús Toro. Cónsono con lo anterior, puntualizó que la señora María José De Jesús Pagán es heredera de la causa de acción en contra del Dr. De Jesús Toro, por lo que al ser emplazada quedó notificada de la reclamación que pesaba en contra su padre.

En conformidad con lo anterior, el 21 de diciembre de 2022, Lina De Jesús Golderos instó *Moción Impugnando Sustitución de Partes y Solicitud de Desestimación.*[19] En esencia, esta parte solicitó

---

[15] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 53.
[16] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 54a y 54b.
[17] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 27.
[18] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 28.
[19] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 56.

la desestimación de la demanda contra esta parte, pues la Apelante no sustituyó al Dr. De Jesús Toro, conforme a derecho, contraviniendo así, la Regla 22.1 de Procedimiento Civil, *supra.*

En lo pertinente, el 17 de enero de 2023, la Lcda. De Jesús, por derecho propio y sin someterse a la jurisdicción del foro primario presentó *Moción Solicitando Desestimación.*[20] En síntesis, argumentó que, si el Apelante interesaba realizar una sustitución de parte, la misma conllevaba enmendar la demanda y no solamente expedir el emplazamiento. Por tanto, solicitó la desestimación del pleito. En respuesta, el 13 de febrero de 2023, el Apelante presentó *Oposición a Moción de Desestimación de Lcda. De Jesús.*[21] Mediante esta, adujo que la Lcda. De Jesús era abogada de récord en el caso de epígrafe desde el año 2005, por lo que conocía todos los procedimientos relacionados a la expedición de los emplazamientos.

A su vez, el 6 de febrero de 2023, Vanessa Del Carmen Leuenberger De Jesús presentó *Moción de Desestimación.*[22] En esta esgrimió que es residente de Suiza y que, de conformidad con el Convenio de la Haya, dicho país "se opuso formalmente al diligenciamiento a través de canales postales y requiere que toda notificación al amparo de dicho tratado se ejecute por conducto de su Autoridad Central, quien hace entrega a su residente de los documentos que se dirijan a este, y provee el acuse de recibo requerido por la citada Regla 4.6".[23] Agregó que al incumplir con este requisito, el emplazamiento a esta parte resultaba ser inoficioso.

Sobre el particular, el 20 de marzo de 2023, la Apelante presentó *Moción de Demandante Exponiendo Posición sobre Moción de Desestimación de Codemandada Vanessa Leuenberger.*[24] En lo

---

[20] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 29.
[21] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 30.
[22] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 31
[23] Véase, SUMAC TA, Entrada Núm. 1, Apéndice, 31 pág. 287
[24] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 32.

pertinente, explicó que, en nuestra jurisdicción, cuando se requiera ostentar jurisdicción sobre una persona no residente, lo que se debe satisfacer es la doctrina de contactos mínimos, lo cual, según la Apelante, se hizo en este caso.

Tras varios trámites procesales, los cuales no son necesarios pormenorizar, el 22 de septiembre de 2025, notificada el 24 de septiembre del mismo año, el foro primario emitió *Sentencia Parcial.*[25] Por virtud de esta, el foro *a quo* concluyó que la Tercera Demanda Enmendada instada por la Apelante no incluye a ninguna de las miembros de la Sucesión De Jesús, por lo que se incumplió con el proceso contenido en la Regla 22.1 de Procedimiento Civil, *supra,* sobre sustitución de parte en caso de muerte. Por consiguiente, desestimó la reclamación instada contra la Sucesión De Jesús.

Inconforme, el 23 de octubre de 2025, la Apelante compareció ante esta Curia mediante el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Primer Error: Erró el TPI al desestimar la demanda contra las coherederas y determinar que los emplazamientos de las herederas privaron de jurisdicción al tribunal, cuando dichos emplazamientos fueron suficientes para dar notificación a dichas partes de la demanda, según reiteradamente resuelto por el Tribunal Supremo y este TA.

> Segundo Error: Erró el TPI al determinar que la enmienda al epígrafe para incluir a la sucesión no fue suficiente para sustituir al fallecido Dr. De Jesús y desestimar, sin considerar que lo anterior era un mero error de forma subsanable.

> Tercer Error: Erró el TPI al conceder a las herederas el drástico remedio de la desestimación, sin dar oportunidad a CHC, quien ha sido diligente en la tramitación de su caso, de subsanar las enmiendas a las alegaciones para que el caso pudiese ventilarse en sus méritos.

El 27 de octubre de 2025, este foro apelativo emitió *Resolución* mediante la cual se le concedió a la parte Apelada hasta el 24 de noviembre de 2025 para presentar su alegato.

---

[25] Véase, SUMAC TA, Entrada Núm. 1, Sentencia Parcial.

En cumplimiento con nuestra *Resolución*, el 24 de noviembre de 2025, se presentaron los siguientes documentos ante esta Curia: la señora Vanessa del Carmen Leuenberger De Jesús, presentó *Alegato de la Parte Apelada*; los codemandados Dorado Health, Inc., y el señor José Quirós instaron *Moción Uniéndonos al Alegato de la Parte Apelada*; el codemandado Dr. Alvin Ramírez Ortiz instó *Alegato en Oposición a la Apelación del Codemandado Dr. Alvin Ramírez Ortíz* y la señora María José De Jesús Pagán y la Lcda. De Jesús, instaron *Alegato en Oposición a Apelación*

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**II.**

**A. *Regla 22.1 de Procedimiento Civil***

En nuestro ordenamiento jurídico, la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V R. 22.1, regula lo referente a la sustitución de partes en caso de que una de estas fallezca. *Villanova v. Villanova*, 184 DPR 824, 838 (2012). Dicha disposición establece un procedimiento mediante el cual una persona que es parte en un pleito puede ser sustituida por otra, ocupando así la posición que tenía originalmente la persona sustituida. Véase, *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 684 (1989). Así pues, en lo atinente, la referida disposición establece lo siguiente:

> **Regla 22.1. Muerte**
>
> (a) […]
>
> b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los (Las) causahabientes o representantes podrán presentar la solicitud de sustitución del (de la) finado(a), y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al

pleito. Transcurrido el término sin haberse solicitado la sustitución, se dictará sentencia desestimando el pleito, sin perjuicio.

(c) De fallecer uno o más demandantes, o uno o más demandados, que fueren partes en un pleito en que el derecho reclamado subsista sólo a favor de los demandantes o en contra de los demandados que sobrevivan, el pleito no finalizará. Se consignará en los autos el hecho de la muerte y el pleito continuará en favor o en contra de las partes sobrevivientes.

El Tribunal Supremo de Puerto Rico ha expresado que la precitada regla "atiende el interés público de que los asuntos en los tribunales se solucionen de forma expedita para evitar el perjuicio que la dilación pueda causar a las partes". *Ruiz Mattei v. Commercial Equipment,* 214 DPR 407, 419 (2024) citando a *Vilanova et al. v. Vilanova et al.,* 184 DPR 824 (2012). En tal sentido, una vez ordenada la sustitución, las partes no quedan desprovistas pues se colocan en "los mismos zapatos" que la parte sustituida" *Íd*. Ahora bien, cuando sea necesario sustituir a una parte por otra que no está en el pleito "será necesario adquirir jurisdicción *in personam* sobre esta nueva parte. En este caso habrá que emplazar a la parte y notificarle de la solicitud de sustitución de partes de acuerdo con lo dispuesto en la Regla 4 de Procedimiento Civil [...]." *Echevarria Jimenez v. Sucn. Perez Meri, supra,* pág. 686.

### *B. Emplazamiento*

En nuestro ordenamiento jurídico, el emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre la persona de la parte demandada, de forma tal que ésta quede obligada a la sentencia final que se dicte. *Martajeva v. Ferré Morris y otros,* 210 DPR 612, 620 (2022). Así pues, este mecanismo constituye "el paso inaugural del mandato constitucional que cobija a toda persona demandada, viabilizando el ejercicio de jurisdicción judicial". *SLG Rivera-Pérez v. SLG Díaz-Doe,* 207 DPR 636, 647 (2021).

Por tanto, el emplazamiento es parte esencial del debido proceso de ley, por lo que, su cumplimiento no es una mera formalidad. *Martajeva v. Ferré Morris y otros, supra,* pág. 620. Mediante este mecanismo procesal se notifica al demandado sobre la existencia de una reclamación incoada en su contra. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018).

Al respecto, el estado de derecho vigente procura el cumplimiento estricto del emplazamiento:

> La parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, ya que existe una política pública que requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019).

Esta política pública garantiza el correcto emplazamiento, lo cual tiene mayor peso que el principio de economía procesal. *Bernier González v. Rodríguez Becerra, supra,* págs. 644-645. A tenor con lo anterior, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c) establece el proceso y el término para diligenciar el emplazamiento:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Sobre este particular, recientemente el Tribunal Supremo de Puerto Rico resolvió en el caso *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 492 (2024), que "ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia

decretando la desestimación y el archivo sin perjuicio de la reclamación judicial" (Énfasis suprimido). De tal manera, se reitera que la Regla 4.3 de Procedimiento Civil, *supra*, no provee discreción al tribunal para extender el término para emplazar, pues éste es improrrogable. *Bernier González v. Rodríguez Becerra, supra*, pág. 649.

No obstante, aunque el método más apropiado para el emplazamiento es mediante la entrega personal, se pueden dar circunstancias en las que se obtenga jurisdicción de la persona mediante el emplazamiento por edicto, ello sin violar las limitaciones del debido proceso de ley. *First Bank of PR v. Inmob. Nac., Inc.*, supra, págs. 916-917. La Regla 4.6 de Procedimiento Civil, supra, R. 4.6 establece el procedimiento a seguir cuando la persona a ser emplazada no puede localizarse. En lo pertinente dispone lo siguiente:

> a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de **los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada**, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.14 (Énfasis nuestro).

**III.**

En el caso que nos ocupa la Apelante nos solicita que revoquemos la *Sentencia Parcial* apelada mediante la cual, el foro primario desestimó la causa de acción instada contra los miembros de la Sucesión De Jesús. En ese sentido, la Apelante esgrime como primer señalamiento de error, que el foro primario incidió al determinar que los emplazamientos diligenciados a la Sucesión De Jesús privaron de jurisdicción al foro *a quo*. Como segundo error, esboza que la enmienda al epígrafe para incluir a la sucesión fue suficiente para sustituir al fallecido Dr. De Jesús. Finalmente, como tercer error, alude que el foro primario erró al desestimar la causa de acción contra la Sucesión De Jesús, sin que la Apelante tuviese oportunidad de subsanar las enmienda a las alegaciones para que el caso pudiera ventilarse en sus méritos. Por estos errores estar íntimamente relacionados entre sí, procederemos a discutirlos de forma conjunta. Veamos.

La controversia medular que se encuentra ante nuestra consideración es si los miembros de la Sucesión De Jesús fueron acumulados en este pleito conforme a derecho. No existe controversia en cuanto a que la *Tercera Demanda Enmendada* contenía alegaciones contra el Dr. De Jesús Toro, quien falleció el 12 de abril de 2021. La Regla 22.1 de Procedimiento Civil, *supra*, regula lo referente a la sustitución de una parte cuando esta fallece. En lo pertinente, la aludida regla dispone:

> b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los(Las) causahabientes o representantes podrán presentar la solicitud de sustitución del(de la) finado(a), y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. **La demanda se enmendará a los únicos fines de**

> **conformar la sustitución e incorporar las nuevas partes al pleito.** Transcurrido el término sin haberse solicitado la sustitución, se dictará sentencia desestimando el pleito, sin perjuicio.

Nótese que la precitada disposición, de manera clara, dispone que la demanda **debe enmendarse a los fines de incorporar a las nuevas partes al pleito**. En ese sentido, la Apelante **venía obligada a realizar una enmienda a la demanda para así incluir a los miembros de la Sucesión De Jesús.** Ello no ocurrió. De esta manera, una vez enmendada la demanda con la incorporación de las nuevas partes, la Apelante entonces podría emplazarlas de conformidad con la Regla 4 de Procedimiento Civil, *supra.*

En su escrito, la Apelante **admite que no enmendó la demanda**. En esa línea, argumenta que "[a]unque no se consignó el nombre de las herederas en la demanda, sí se identificó al causante y, en el caso de tres de las herederas emplazadas por edicto, se les notificó tanto la moción como la orden de sustitución de parte".[26] Vale destacar que la orden de sustitución de parte a la que hace referencia la Apelante se trata de la *Orden* emitida el 11 de abril de 2022, mediante la cual el foro primario dispuso lo siguiente: "[s]e autoriza la sustitución del co-demandado Dr. José De Jesús Torres por su sucesión".[27] Cabe aclarar que si bien la orden hace referencia a "Dr. José De Jesús **Torres"** en lugar de "De Jesús Toro", el foro primario aclaró que ello constituyó un error tipográfico y que, en efecto, se autorizó la sustitución del causante.[28]

Ahora bien, pese a que el foro primario autorizó la sustitución del Dr. De Jesús Toro, conforme se desprende del expediente y de las **propias alegaciones** de la Apelante, **ésta omitió enmendar la demanda**. Ello es pertinente, pues no solamente la Regla 22.1 (b) de Procedimiento Civil, *supra,* exige que se enmiende la demanda

---

[26] Véase, SUMAC TA, Entrada Núm. 1, pág. 19.
[27] Véase, SUMAC TA, Entrada Núm. 1, Apéndice 50.
[28] Véase, SUMAC TA, Entrada Núm. 1, Sentencia Parcial, pág. 18.

cuando se pretenda sustituir a una parte por esta fallecer, sino que, dado a que la Sucesión De Jesús nunca ha sido parte de este pleito, es necesario que el tribunal adquiera jurisdicción sobre sus miembros, por lo que deben ser emplazadas conforme los postulados de la Regla 4 de Procedimiento Civil, *supra*.

Cónsono con lo anterior, en nuestra jurisdicción, es un principio firmemente reiterado que "[e]l propósito del emplazamiento es notificar a la parte demandada, a grandes rasgos, que existe una acción judicial **en su contra** para que, si así lo desea, ejerza su derecho a comparecer en el juicio, ser oído y presentar prueba a su favor" (Énfasis nuestro). *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005). De esta forma, para que un emplazamiento, cumpla con su propósito es necesario que "el método de notificación que se utilice debe ofrecer una probabilidad razonable —a la luz de los hechos del caso— de informarle al demandado **de la acción en su contra**" (Énfasis nuestro). *Íd.* Ciertamente, para que ello ocurriera en el caso de marras, era indispensable enmendar la demanda e **incluir a cada una de las miembros de la Sucesión De Jesús**. Como corolario de lo anterior, para cumplir con el debido proceso de ley exigido en nuestro ordenamiento, no basta con aludir a meras conjeturas respecto a que las partes sabían que son herederas de la causa de acción de su padre, sino que debe surgir explícitamente una reclamación en contra de las partes que se pretenden emplazar.

Esto último no se trata de un mero formalismo que se puede subsanar con una enmienda al epígrafe, tal y como sugiere la Apelante. Tampoco se trata de un asunto que se puede corregir mediante una enmienda al emplazamiento a tenor con la Regla 4.8 de Procedimiento Civil, *supra*. Claramente, en la presente controversia era **necesario presentar una demanda enmendada mediante la cual se sustituyera al Dr. De Jesús Toro y se acumularan a cada una de personas que componen su sucesión**

y así emplazarlas conforme lo exige nuestro ordenamiento. Ante este cuadro, somos del criterio que los emplazamientos expedidos a Ginoris De Jesús Golderos; Vanessa De Jesús Golderos también conocida como Vanessa Leuenberger; Lina De Jesús Golderos y María De Jesús Pagán fueron inoficiosos y por tanto, el foro primario nunca ostentó jurisdicción sobre ellas.

Ahora bien, toda vez que la desestimación contra esta parte obedece tanto al incumplimiento de la sustitución del Dr. De Jesús Toro conforme la Regla 22.1 (b) de Procedimiento Civil, *supra*, y a la insuficiencia en el emplazamiento conforme la Regla 4 de Procedimiento Civil, *supra*, la desestimación debió emitirse sin perjuicio. Cónsono con lo anterior, modificamos el dictamen apelado únicamente a los efectos de aclarar que la desestimación en cuestión es sin perjuicio y así modificada, confirmamos.

### IV.

Por los fundamentos previamente esbozados, los cuales hacemos formar parte de esta sentencia, **confirmamos** el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones